The next case is Wilson v. Bargman, counsel. Bargman v. Bargman, counsel. Bargman v. Bargman, counsel. Bargman v. Bargman, counsel. Bargman v. Bargman, counsel. Bargman v. Bargman, counsel. Bargman v. Bargman, counsel. The other parcels were divided into six as well. And there were three other six, I guess I should say, as well. One being owned by, I refer to her as Ethel. Ethel decided to sell the property to Marlon Wilson. A contract was written up between the two. And after the contract was written, but before it could be, it was certainly executed, but before it could be, the parcel could change hands after that. The land was held in a trust, and so when she died, the land went to her children. At that point in time, the children, who are the appellees in this action, decided to file a petition for land in Randolph County. That was filed in June of 2007 against Mr. Wilson. At the time Mr. Wilson filed his answer to the petition case, he also filed on that very same day a breach of contract claim. And at that time, because the land was still together in one parcel, it was actually a claim for specific performance, seeking that the land actually be traded hands according to the contract. Each case, as I described earlier, was assigned to a judge in Randolph County that had ties to the families and the land. So a change of judge was taken. Judge Doyle was assigned. Both cases were transferred to Monroe County, and they were heard by Judge Doyle. In Monroe County, and they were heard at the same time, on the same docket, on the same day, by the same attorneys. Both the same attorneys were involved. Judge Doyle was very aware that these cases were linked to each other. Some of the exhibits that I had provided to the court show that both cases were referred to in the same orders and sat on the same day. For example, there was a motion to continue in the petition case where the court specifically stated that the complaint for the specific performance case deals with the same real estate as the cause of action for the petition case, and that the court's subsequent ruling on the motion to dismiss, in one case, would have direct bearing on the proceedings in the petition case. So the court was aware of this, and as I mentioned, under one case number, actually in the body of the order, he refers to the other case number by that different case number. So the court was absolutely aware that these cases had direct bearing on each other. They were litigated together, basically. In 2008, though, the court did order that the petition parcel be sold. And it was appraised, and it was sold the following year in 2009. Mr. Wilson and his wife actually did purchase the balance of the parcels that they did not own. So they do own all 393 acres of this land at the current time. So the issue then became not specific performance, but breach of contract. And the damages became the difference between what the contract price was and what he ended up paying ultimately for that property, which was substantially more. The difference was just shy of $200,000 that he ended up paying more for in the petition sale than he would have had he been able to buy the property from Ethel or her heirs. There were various motions filed after the land was partitioned. And Judge Doyle, and these motions were filed by the defendants in the now breach of contract claim. Judge Doyle denied these motions, and there were a lot of motions filed. There were a lot of amended complaints filed, or there were a lot of motions to dismiss filed, and they were denied summarily throughout the month. On the eve of trial, I think it was probably nine months after the last order on a motion to dismiss, the judge issued an order sua sponte, basically reversing his opinion and finding that he had no jurisdiction to hear the contract claim due to the failure of Mr. Wilson to raise these issues within the petition action. The court cited two cases to support this ruling. One was Powell v. Coon, and the other was Dennis v. Silzer. And I think it's important to look at these cases specifically. The order that found that there was no jurisdiction and therefore barred the breach of contract claim filed by Mr. Wilson, it's two pages. Brevity, of course, does not mean that it's not a sound judgment. But I don't think that the court looked at these cases and saw that they were distinguishable from the case at bar. In the Pollack case, it was a petition action. The defendant defaulted on the petition action. And so that case was over. He did not appeal. Thereafter, he filed a cause of action seeking rent from the plaintiff in the petition action for the time that he lived in this house. And that case also had to do with not a big parcel of land, but merely a house on a small parcel of land. So the real issue was who's going to get the house and who's going to live in the house. So once the plaintiff in the petition action won, the defendant thereafter sought to get his share of the value of the rent during the pendency of the petition action. Here we don't have that at all. The damages that are sought in the breach of contract claim are only for the breach and did nothing to affect the petition court's ability to divide the petition property. The property was sold. It was appraised. It was divided. The mere fact that Mr. Wilson ended up with the property, although fortunate for Mr. Wilson because he's always worked this land. They grow corn, beets, and wheat on this land. He has been the one who has farmed this land for many, many years. And that is why I think Uppell wanted him to have the land, to be honest. The Pollack case is also procedurally distinguishable as well. In Pollack, the defendant sought his claim for rent after the petition case was over, as I said. In this case, Wilson filed his contract claim on the same day that he filed an answer to the petition claim. The court was fully aware that these cases were proceeding in tandem. Had there been an issue, I think it should have and would have come up early on in the case. Judge Doyle specifically heard these cases together, handled them together, and was aware of the issues and how they affected each of the cases. The second case the court refers to in its order is Dennis v. Silser. That case, there was a petition case filed in Kansas to divide Kansas land. When the defendant was served in the Kansas case, he thereafter filed suit in Illinois for breach of contract regarding the very same Kansas land. In that case, you have two different courts, same piece of property, but two different courts who there's no evidence that they were aware that the cases existed, that each case existed. In this case, as I have said over and over, Judge Doyle was very, very aware that these cases were proceeding together. I understand how you are distinguishing Pollack and Dennis, but how do you distinguish Hurlbut, which is Hurlbut, the Supreme Court decision, that says that Milgren should have brought this action as part of the partition? How do you distinguish that? Well, I think we have to look at the statute in response to that case, and I think that when you look at two sections together, Section 118 does state that these conveyances, meaning the petition conveyances, shall operate as an effectual bar against all parties to the proceedings and all persons claiming under them. Then if you look at Section 124 regarding vesting title, it says, in all actions for petitions of real estate, the court may investigate and determine all questions or conflicting or controverted titles. It may do those things. Certainly, I suppose if Mr. Wilson had brought the claim within the petition case, Judge Doyle could have decided not to have heard it, therefore giving Mr. Wilson his only option of filing it separately under a breach of contract claim. And I did point out in my brief that it's similar to cases that I had cited to regarding probate, where the land ends up in probate, the court decides to stay the probate case so that it can be petitioned first or settle the probate case first and then petition it later. So I think that if you take the circumstances of this case, and especially since the court certainly could have handled it altogether and chose not to, and then it did not affect the ability to petition the land. We weren't talking about any rent or anything like that. It was simply damages based on failure to perform under the contract. So I think that we still have the ability to determine the breach of contract. If the judge or the jury would find that there was a breach of contract here, the damages are easily ascertainable. So I think it is distinguishable there, and I certainly think that a viable claim still exists, even if it were not the statute. Also, the Dennis Court relied on the doctrine of res judicata, but if you do read that opinion, they don't really do any analysis. And if you conduct that analysis here, the causes of action are different. So it wouldn't fall under res judicata. The Supreme Court case of Webster, in Webster, the Eleanor Supreme Court said, a petition suit is primarily a proceeding to sever interests in real estate and the determining of interests and quieting of title are only ancillary here. I think you could equally draw guidance from that case and from those probate cases. And looking at the statute, you can see, if you read it together, that it is allowable to proceed the way Judge Doyle did proceed before he, sua sponte, issued an order stripping itself of jurisdiction on the trial. I think it's important to note that the court proceeded with a petition in this case because no complication existed by the contract case to prohibit the petition. Only when the trial court felt it was bound by the case law setting in its order, when it was pointed out to him, actually when they certified a question, they were going to bring it up on appeal. I think that's when the court really looked at those cases and felt that they did apply. But I think if you look at the Webster case, the case of the statute in its entirety, and the circumstances of the case at bar, I feel that the case law cited in the court's order does not apply. And I respectfully request that this court reverse the order of the trial court and remand the case for further proceedings. Thank you. Thank you, Counsel. Counsel? May it please the Court. Your Honors, I'm Alan Ferris, and I'm an attorney for two of the defendants in this cause, namely Norma Baldwin and Charles Bartlett. Also, I guess I hold the notorious position of being the only attorney who appears before you today who is actually present through the trial proceedings in this case. I represented Ms. Baldwin and Mr. Bartlett not in the partition action, but in this specific performance-turned-breach-of-contract claim. Although I was not directly involved in the partition case, I obviously monitored the progress of that case quite closely. It is in the Partition Act, I submit, that the resolution of this case is found. As counsel stated, Section 124 of the Partition Act states that in all actions for partition of real estate, the court may investigate and determine all questions of conflicting, controversy, titles, files on titles, et cetera. This statute has been utilized by courts to determine claims of adverse possession, claims between tenants in common, claims on rents and profits, claims that had to do with guardianships of minors, and conflicting claims between the respective owners of the property. It's submitted to this court that from a clear reading of this statute, obviously the trial court could have determined the Wilson claim for specific performance and the determination of whether or not there was an actual legitimate contract between Ethel Bardman and Marlon Wilson. It did not in the partition action because it was not requested. The responsibility of getting the case before the court in the partition action rests, I submit, upon the plaintiff in this case to submit his claim to ask that all of these issues be resolved in the partition action. And the reason is under Section 118. Section 118 clearly states upon confirmation of the sale and conveyances being made, these conveyances shall operate as an effectual bar against all parties and privy to the proceedings that all persons claiming under them. It appears that Appellant Wilson would like the court to look at this case and state that the complaint was filed basically at the same time as his answer on the partition case. Yes, it was referred to Judge Doyle for proceedings in Monroe County because of conflicts and because of some of the simultaneous filing and maybe court appearances, which I largely submit was at the convenience of the parties. The court tried to accommodate the parties. But the logic would go that, well, everybody really knew what we wanted to do here, and the court should allow us that bite of the apple, if you will, because we really had this case out there and everybody knew that we had a claim. And regardless of what happens in the partition action, we should still have our day in court. In kind of thinking about this case, I can only recall the title of the Stanley Kubrick film, Eyes Wide Shut. It appears to me that if we really look at the chronology of events here, the plaintiff, Wilson, potentially had a claim, yes, but did he ever exert the claim in the partition suit and enact Section 124? If we look at this, August 13, 2007, this complaint is filed along with the answer to the Wilson partition case. This case for a complaint for specific performance is dismissed on motion 2615 motion on February 26, 2008, and Mr. Wilson's counsel has 21 days to amend this complaint. Five months later, an amended complaint gets filed in July of 2008, and all this time the partition action is moving steadily down its path. After vigorously arguing a motion to dismiss because of this delinquent filing, the court of January 2009 allowed the amended complaint to stand and called the filing woeful. Meanwhile, if we look at the partition action, the order for partition comes about a month later. So here we are a year and a half from the filing of this complaint for specific performance, and never once does the plaintiff request any remedy or any action in the partition. Property is sold in April of 2009. Order confirming sale, which I submit invokes the provisions of Section 118, happens in June of 2009. Now, after that, the complaint for specific performance gets dismissed in September of 2009, which is three months after the order confirming sale because there's no specific performance available and the property is sold. Not until September 28, 2009, which would be three months, two years after the original filing, and two or three months after this order confirming sale was the amended complaint for breach of contract filed. There's so much time here, two years, that Mr. Wilson could invoke his rights under 124 to ask this court to litigate the issue of the contract for the specific performance. With full cognizance of this partition action, and obviously the partition action is going to determine the interest of the real estate, something which is directly affected here by his claim for one-sixth of the property, either by specific performance, well, by specific performance at that time, he lets the partition action go, and he lets those interests in real estate be set. He never asserted that claim, and no matter maybe how inequitable to a layperson, you filed it in the same court, you set a hearing sometimes on the same times, and we all knew what we were going to do. Based on 118, he's barred, and those rights are set, and we believe that the partition action controls this action. Now, the court, and in the de novo review of motion to dismiss here, for lack of jurisdiction, this court obviously can look at the reasons the court determined to dismiss the case, but doesn't have to rely and agree on every reason that the court utilized in its argument, or its order. The court did review and reconsider the motion of one of the defendants for dismissal, based upon these direct, exact terms, and it cited Pollock versus Coon. Appellant tries to distinguish Pollock, but I just don't think that that can be done. Yes, it was an action for, it was a default action, and it was an action for Rins that came later. Not a lot different than Mr. Wilson sitting on his rights for two years. All I have to do to bring this point home, I think, your honors, is to cite the last paragraph of Pollock and see how it applies here. He could have litigated his interest. Having failed to take advantage of this opportunity, having failed to appeal from the partition decree, he is bound by the decree which declared his interest. He cannot now insist upon any rights in that property which were not protected by that decree. I think Pollock hits the nail on the head. So we submit, also there's the issue of Dennis versus Silzer, and it does get into a race-unicotic issue. I, in the brief, tried to explain that the broad term of race-unicotic can mean a couple of different things in the terms of whether or not the parties are relitigating it with different claims or the exact same claim. The court doesn't need to even get there as far as the race-unicotic issue in Dennis because based upon 118 and based upon the ruling in Pollock, we believe that the court was proper in dismissing the case for a lack of jurisdiction. We'd ask that the judgment of the trial court be affirmed. Thank you. Thank you, counsel. Good morning, Your Honor. I'm Rich Thompson. I represent defendant-appellee John Bartlett. May it please the court and counsel, I think this court already almost decided this case on August 15, 2012, or at least indicated then the direction in which it was moving. There was a motion filed by the appellant's counsel to supplement this record with a partition record, and this court, of course, denied that motion. And in the August 15 order denying that motion, this court said, it still appears that the sole issue is the jurisdiction of the circuit court. The statute controls this issue. There does not seem to be a question regarding whether there was a partition action, and the statute states that conveyances in a partition action shall operate as an effectual bar against all parties impervious to the proceeding and all persons claiming under them. I think that indicates essentially the argument that Mr. Ferris and I are making. There was a partition. Mr. Wilson purchased at the partition sale. He did not object to the court confirming the sale. He did not appeal the partition. On the day he filed his answer to the partition, he raised his contract claims, so he obviously knew, oh, they're partitioning the land I'm making a claim about. He knew it should have been included, and as this court has already pointed out, the statute controls that once the partition land is conveyed to him, that conveyance acts as a bar against him to raise the matter again. I hope that the court does not reverse the direction in which this case was going previously, and I'd also just like to mention the Hurlhop case again, which in my brief, I made a point-by-point chart showing that the case is almost directly on point with this case and leads to the conclusion that if you have an interest, you must raise it, and if you don't, you're out of luck. If there are no questions, I have nothing further. I believe there are. Counsel? I would just like to point out that, as I stated before, there was no complication in the partition of the land and then now a pursuit of damages for the breach of contract. There hasn't been a case like this, which is, I think, directly on point with this case. I think the cases that the court cited are distinguishable. I think I argued to the court why they were. I think the statute is far from clear if you read it together, and there is not a case that I've read or that's been cited by the appellees in this case where one judge was handling these cases in tandem, side-by-side, and was aware and wrote about how the issues that were decided in one case would directly affect the issues in the other case. So I would ask the court to take a fresh look at this under the standard of review, and request that we reverse the trial court and remand for broke proceeds. Thank you. Thank you, counsel. We appreciate the briefs and arguments of all counsel. We take the case under advisement. The court will be in a short recess and resume oral argument.